Paper No. 11
RLS/cj

THIS DECISION IS CITABLE AS
PRECEDENT OF THE TTAB                    DEC. 30, 98

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
_____

Trademark Trial and Appeal Board
_____

In re William H. Eilberg
_____

Serial No. 75/162,788
_____

William H. Eilberg, pro se.

Gary R. Thayer, Trademark Examining Attorney, Law Office
103 (Michael A. Szoke, Managing Attorney).
_____

Before Simms, Seeherman and Hohein, Administrative
Trademark Judges.

Opinion by Simms, Administrative Trademark Judge:

William H. Eilberg has appealed from the final refusal

of the Trademark Examining Attorney to register the

asserted mark WWW.EILBERG.COM on the Supplemental Register,

for legal services in the field of intellectual property.[1]

---

[1] Application Serial No. 75/162,788, originally filed on the
Principal Register on September 9, 1996, under Section 1(b) of
the Act, 15 USC §1051(b), based upon applicant's bona fide
intention to use the mark in commerce.  Applicant filed an
amendment to the Supplemental Register on June 4, 1997, along
with an amendment to allege use.  Applicant indicates that he

**Ser No.** 75/162,788

In the original application applicant indicated that the mark will be applied to materials which advertise the services and "will also be used as an Internet domain name." In an amendment, applicant indicates that the mark is used in connection with the services by placing it on letterheads and business cards which advertise the services. Applicant's letterhead is reproduced below.

**WILLIAM H. EILBERG**
ATTORNEY AT LAW
820 HOMESTEAD ROAD. P.O. Box 7
JENKINTOWN, PENNSYLVANIA 19046
215-885-4600
FAX 215-885-4603
EMAIL.WHE@EILBERG.COM

PATENTS TRADEMARKS
AND COPYRIGHTS

WWW.EILBERG.COM

It is the Examining Attorney's position that the specimens of record fail to show use of the asserted mark in a manner that functions as a service mark.[2] While the Examining Attorney contends that the asserted mark would be capable of functioning as a mark if used in an appropriate and sufficiently distinctive manner (in a fashion that will

first used the mark in commerce at least as early as April 9, 1997.

[2] The Examining Attorney, we believe incorrectly, cited (and continued to cite) the statutory sections 1, 2, 3 and 45 of the Trademark Act, 15 USC §§1051, 1052, 1053 and 1127. Because the instant mark is now sought to be registered on the Supplemental Register, the appropriate statutory refusal is Section 23 of the Act, 15 USC §1191.

2

be recognized as identifying and distinguishing applicant's

legal services), the Examining Attorney maintains that:

> To function as a service mark, a mark
> must be used in such fashion that it
> will be recognized as identifying or
> distinguishing the recited services –
> rather than, in contrast, merely for
> the purpose of identifying or providing
> information about the applicant...
>
> In this case, the specimens of record
> show the proposed mark WWW.EILBERG.COM
> used inconspicuously in a very small
> and subdued typeface on applicant's
> letterhead.  Furthermore, compared with
> other text in the letterhead, the mark
> appears with even less prominence and
> below other merely informational
> indications of applicant's mailing
> address, phone, fax and e-mail
> addresses and on the same line and same
> type face as a merely informational
> indication [of] applicant's area of
> specialization...
>
> In addition, the substance of the mark
> itself...is merely the domain name or
> Internet address which is used to
> contact applicant's Web site on the
> Internet.  As such, the mark merely
> imparts information, in the same manner
> as an address, phone number or other
> informational statement, about how to
> reach the applicant.  Where the
> substance of a term or statement is
> merely informational in nature, there
> may properly be a presumption that the
> use thereof is for merely informational
> purposes...

Examining Attorney's appeal brief, 2, 3.  The Examining

Attorney has made of record copies of advertisements where

various business entities have included references to their

Internet addresses or domain names.  Copies of the relevant

portions of a few of those advertisements are shown below.





Applicant, on the other hand, argues that the asserted mark functions as a service mark to identify and distinguish applicant's services.  First, applicant indicates that the specimen letterheads show three ways of contacting applicant —- by telephone, by fax and by e-mail. Applicant maintains that the asserted mark is not a means of "contacting" applicant and that it is significant that applicant's specimens do not consist of the entire Internet address and contain no instructions on the need to add the prefix "http://."[3]  Moreover, applicant points out that, unlike most of the examples noted by the Examining Attorney, no designation such as "visit our Web site at" or "contact us at" appears near the asserted mark.

> This manner of display of the mark was intentionally chosen by Appellant, so that the mark would be perceived as a service mark, and not just as a part of an Internet domain name.
>
> Appellant submits further that, by displaying the mark without any other text in its vicinity, Appellant has used the mark as an emblem or insignia which designates Appellant's services. The board can take judicial notice that this kind of emblem is now widely used by commercial entities in virtually every field, and seems to have become almost a requirement for doing business in the 1990s.

---

[3] In response to this argument, the Examining Attorney notes that Internet domain names may appear either with or without the prefix "http://", and that some browsers do not require entry of this prefix in order to access a Web site.

Applicant's brief, 2-3. Applicant argues, therefore, that, since the asserted mark is presented alone, without supporting text, and set apart from the various means of contacting applicant, it can and does function as a service mark. Applicant maintains that it purposely did not portray its asserted mark in a "brash and offensive" manner, that a service mark does not have to be of a particular size, and that the only requirement is that it be perceived as identifying applicant's services. The fact that the asserted mark may also be used as the address of applicant's Internet Web site does not negate its ability to function as a designator of applicant's services, according to applicant.

Upon careful review of this record and the arguments of the attorneys, we agree with the Examining Attorney that the asserted mark, as displayed on applicant's letterhead, does not function as a service mark identifying and distinguishing applicant's legal services and, as presented, is not capable of doing so. As shown, the asserted mark identifies applicant's Internet domain name, by use of which one can access applicant's Web site. In other words, the asserted mark WWW.EILBERG.COM merely indicates the location on the Internet where applicant's Web site appears. It does not separately identify

applicant's legal services as such.  Cf. In re The Signal Companies, Inc., 228 USPQ 956 (TTAB 1986).

This is not to say that, if used appropriately, the asserted mark or portions thereof may not be trademarks or services marks.  For example, if applicant's law firm name were, say, EILBERG.COM and were presented prominently on applicant's letterheads and business cards as the name under which applicant was rendering its legal services, then that mark may well be registrable.  However, this is not the case before us.

**Decision:** The refusal of registration is affirmed.


R. L. Simms


E. J. Seeherman


G. D. Hohein
Administrative Trademark
Judges, Trademark Trial
and Appeal Board